UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DANIEL GUEVARA | CIVIL DOCKET NO. 6:20-CV-00439 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| ARO SOLUTIONS, LLC, ET AL | MAGISTRATE JUDGE PATRICK J. HANNA |

## MEMORANDUM RULING

Before the Court are a MOTION FOR SUMMARY JUDGMENT ON ARO SOLUTIONS, LLC'S CROSS-CLAIM [Doc. 64], filed by EnVen Energy Ventures, LLC ("EnVen"), and a MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ENVEN ENERGY VENTURES, LLC'S DEFENSE AND INDEMNITY OBLIGATIONS [Doc. 65], filed by ARO Solutions, LLC ("ARO") (collectively, the "Motions"). Both Motions are opposed. On February 18, 2022, this Court held oral argument and took the resolution of the Motions under advisement. After considering the arguments of counsel, the pleadings, the memoranda, and the applicable law, and for the following reasons, EnVen's MOTION FOR SUMMARY JUDGMENT is GRANTED and ARO's MOTION FOR PARTIAL SUMMARY JUDGMENT is DENIED. Accordingly, ARO's cross-claim is DISMISSED WITH PREJUDICE.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Daniel Guevara ("Guevara") was injured on April 13, 2019, while he was employed by Diverse Safety and Scaffolding, LLC ("DSS") and working as a scaffold foreman on a fixed offshore platform owned by EnVen in the Gulf of Mexico off the coast of Louisiana. At the time of the accident, Guevara was assigned to a lift

boat owned by Laredo Offshore Services, Inc. ("Laredo") and was working with ARO personnel. As owner of the platform, EnVen had contracted with DSS, Laredo, and ARO to perform work related to the decommissioning of the platform. To this end, EnVen entered into separate master service agreements ("MSA's") with each contractor. [Doc.1]. Importantly, the MSA between DSS and EnVen (the "DSS MSA") [Doc. 53-2] and the MSA between ARO (formerly Morrison Well Services LLC) and EnVen (the "ARO MSA") [Doc. 65-3] each contain defense and indemnity provisions.

On June 3, 2019, pursuant to the terms of the DSS MSA, EnVen made demand on DSS for defense, indemnity, and additional insured coverage for Guevara's claims. [Doc. 38]. DSS agreed to defend, indemnify, and provide insurance coverage to EnVen for the claims asserted by Plaintiff because EnVen had remitted *Marcel* payments to DSS.[1] [Doc. 64-3]. However, DSS denied EnVen's "pass-through" demand that DSS defend and indemnify ARO and Laredo for their potential liability – citing the Louisiana Oilfield Indemnity Act ("LOIA") as voiding their contractual obligations to ARO and Laredo under the DSS MSA.[2] [Doc. 40]. As a result of DSS's denial of defense and indemnity, in June of 2020 ARO made demand on EnVen pursuant to the terms of the ARO MSA for defense and indemnity against Guevara's claims. [Doc.

---

[1] Where Louisiana law applies, the Louisiana Oilfield Indemnity Act, LSA-R.S. 9:2780, "nullifies completely any provision in any agreement that requires defense and/or indemnification where there is any negligence or fault on the part of the indemnitee." *Meloy v. Conoco, Inc*. 504 So. 2d 833, 838 (La. 1987). However, in *Marcel v. Placid Oil Co*., 11 F.3d 563 (5th Cir. 1994), the Fifth Circuit recognized an exception to the LOIA where the principal obtains insurance coverage as an additional insured on the contractor's insurance policy by paying its fair share of the premium. These financial contributions to coverage are referred to as *Marcel* payments. *See* Katherine Fruge Corry, *Removing the Risk from Risk Allocation: Reforming Louisiana's Oilfield Anti-Indemnity Act*, 81 La. L. R. 1037, 1056 (2021).

[2] *Id*.

38]. EnVen denied ARO's demand for defense and indemnity citing: (i) the exclusion of DSS from the definition of "EnVen Group" in the ARO MSA (including its attendant defense and indemnity obligations) due to DSS's refusal to contractually assume ARO's defense and indemnity and, (ii) ARO's failure to pay *Marcel* premiums. [Doc. 64-3].

On April 8, 2020, Guevara filed suit in this Court asserting claims against EnVen, ARO, and Laredo. On September 9, 2021, ARO filed a cross-claim against EnVen pursuant to the ARO MSA, asserting that EnVen owes contractual defense and indemnity to ARO for Guevara's injury. [Doc. 38]. On September 13, 2021, ARO filed a third-party claim against DSS seeking defense and indemnity as a third-party beneficiary under the terms of the DSS MSA. [Doc. 40]. DSS then filed a MOTION TO SEVER AND TRANSFER ARO'S THIRD-PARTY DEMAND [Doc. 53], based on a forum selection clause in the DSS MSA stating the "United States District Court for the Eastern District of Louisiana and the state courts in that jurisdiction shall be the exclusive venue and forum for the resolution of any disputes arising hereunder." [Doc. 53-2 at 11]. As a result, ARO's third-party claim against DSS was severed and transferred to the Eastern District of Louisiana. [Doc. 89].[3]

In December 2021, Guevara settled his claims against ARO, Laredo, and EnVen. [Doc. 87]. As a result of the settlement and this Court's transfer of ARO's third-party demand against DSS to the Eastern District, the only remaining claim in this Court is ARO's demand for defense and indemnity against EnVen pursuant to

---

[3] Although the ARO MSA contains an identical forum selection, neither ARO nor EnVen have sought to enforce it in this Court.

3

the ARO MSA. [Doc. 88, 89]. Thus, the Court's resolution of the issues of law raised in the Motions *sub judice* fully resolves this matter.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, the court determines, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When considering a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). However, when the relevant facts are undisputed, the court "need only decide whether those undisputed facts ... entitle the movant to judgment as a matter of law." *Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015).

## LAW AND DISCUSSION

As a preliminary matter, the Court notes the parties agree that <u>if</u> Louisiana law applies to this dispute, the defense and indemnity provision of the ARO MSA would be unenforceable pursuant to the provisions of LOIA, La. Rev. Stat. § 9:2780(B). The parties, however, disagree and cite conflicting arguments and evidence as to whether the ARO MSA is a maritime contract, wherein maritime law

4

(not Louisiana law) would govern the enforceability of its provisions. Nevertheless, EnVen asserts that even if the ARO MSA is a maritime contract, it does not owe defense and indemnity based on its proffered interpretation of the ARO MSA. The Court will therefore – without deciding whether the ARO MSA is a maritime contract – test the respective parties' arguments under federal maritime law to determine whether this matter can be decided as a matter of law.

The interpretation of a contractual indemnity provision is a question of law. *Becker v. Tidewater, Inc.*, 586 F.3d 358, 369 (5th Cir. 2009). A maritime contract "should be read as whole, and a court should not look beyond the written language of the contract to determine the intent of the parties unless the disputed language is ambiguous." *Channette v. Neches Gulf Marine, Inc.,* 440 Fed. Appx. 258, 260 (5th Cir. 2011) (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1214 (5th Cir.1986)). "A contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage. *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981).

The ARO MSA provides, in relevant part:

C. REGARDLESS OF FAULT, EnVen shall be responsible for and hold harmless and indemnify all members of Contractor Group from and against all Claims which may be brought by any member of EnVen Group or their legal representative or successor, in respect of any and all of the following:

5

> i. Personal injury, including fatal injury, mental anguish, illness or disease, to any member of EnVen Group;
>
> ii. Loss of or damage to any equipment, machinery, materials, vessels, or other property owned or leased by any member of EnVen Group; and
>
> iii. Contractual liability.

[Doc. 65-3, Exhibit A, pp. 21-22].

The EnVen Group, in turn, is defined as:

> 1.1 **"EnVen Group"** shall include EnVen and any or all subsidiaries, affiliated companies, joint venturers, co-owners, partners, agents, directors, officers, employees, invitees, contractors of any tier (other than the Contractor herein) and employees or servants of each; provided, however, that when Contractor Group (as hereinafter defined in Section 1.2) is named as the beneficiary of release, defense and indemnity obligations assumed by EnVen, the term **"EnVen Group"** *shall not* include EnVen's contractors of any tier who refuse to contractually assume any release, defense and indemnity obligations EnVen may owe to EnVen's other contractors, including Contractor Group.
>
> 1.2 **"Contractor Group"** shall include Contractor, its parent company, affiliates, subsidiaries and any or all agents, directors, officers, employees, invitees, subcontractors of any tier, and all employees or servants of each, or any or all of such parties.

[Doc. 65-3, p. 4 (emphasis in original)].

Here, EnVen asserts it is not obligated to indemnify ARO because DSS – whose employee is the Plaintiff in this suit – denied EnVen's demand that it contractually assume ARO's defense and indemnify it for Plaintiff's claims. EnVen argues that DSS is therefore expressly excluded from the definition of "EnVen Group" in the ARO MSA. In support of this argument, EnVen points to the definition of "EnVen Group" in the ARO MSA, which states that it "shall not include EnVen's contractors of any

6

tier who refuse to contractually assume any release, defense, and indemnity obligations EnVen may owe to EnVen's other contractors, including [ARO]." [Doc. 65-3, p.4]. EnVen further argues that because DSS was performing work pursuant to the MSA with EnVen, both DSS and its employees should logically be considered "contractors" of EnVen and thus excluded from the "EnVen Group." *Id*. at 1-2.

ARO, in turn, urges the Court to interpret the ARO MSA in such a manner as would give effect to the defense and indemnity provision in its favor against EnVen. In this vein, ARO argues that pursuant to Section 1.1 of the ARO MSA, Guevara qualifies as a member of the "EnVen Group" in two distinct ways: (i) Guevara was an invitee of EnVen, thus falling within the definition of "EnVen Group" and the indemnity provision, and (ii) Guevara was an employee of the EnVen contractor, DSS, and was not the contractor itself. ARO therefore asserts that the purported removal of DSS from the "EnVen Group" should not also operate to also remove Guevara.

An indemnity contract is to be interpreted reasonably and "should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage." *Corbitt*, 654 F.2d at 333. The Court finds that ARO's contention that Plaintiff was an "invitee" of EnVen and therefore falls outside of the exception for contractors, would render the "EnVen Group" exception meaningless. The Court agrees with EnVen's assertion that were the Court to accept ARO's interpretation of the ARO MSA, "from a practical standpoint, all contractors (and their employees) on the EnVen platform could be

7

considered EnVen's invitees." *Id*. at 5. The Court therefore finds that in order to give reasonable effect to the definition and exclusions of the "EnVen Group" as defined in Section 1.2 of the ARO MSA (and thus the relevant defense and indemnity provision): (i) the term "invitee" should not extend to those persons and companies working pursuant to a written contract with EnVen, and (ii) the term "contractor" should be inclusive of a company's employees acting on its behalf.

Accordingly, because DSS refused to contractually assume the defense and indemnity of ARO, DSS (and DSS employee Guevara) are excluded from the "EnVen Group" as "contractors … who refuse to contractually assume any release, defense and indemnity obligations EnVen may owe to EnVen's other contractors, including Contractor Group." EnVen is therefore not obligated to defend and indemnify ARO for the personal injury claims asserted by DSS employee Guevara.

## CONCLUSION

For the reasons stated herein, this Court concludes that regardless of whether Louisiana law or federal maritime law applies, there is no genuine dispute of material fact that at the time this lawsuit was filed, EnVen did not owe ARO a contractual duty of defense and indemnity for the injury of Plaintiff – a DSS employee.

Accordingly,

IT IS HEREBY ORDERED that EnVen's MOTION FOR SUMMARY JUDGMENT ON ARO SOLUTIONS, LLC'S CROSS-CLAIM [Doc. 64] is GRANTED;

IT IS FURTHER ORDERED that ARO's MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ENVEN ENERGY VENTURES, LLC'S DEFENSE AND INDEMNITY OBLIGATIONS [Doc. 65] is DENIED;

IT IS FURTHER ORDERED that ARO's cross-claim against EnVen for defense and indemnity is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 18th day of March 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE